UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEON WALTERS,

              Petitioner,              Crim. No. 03-CR-80758-3

vs.                                                   Civ.  No. 09-cv-11214-DT
                                                     Hon. Gerald E. Rosen

UNITED STATES OF AMERICA,

              Respondent.
_____/

OPINION AND ORDER DENYING PETITIONER'S MOTION UNDER
28 U.S.C.§ 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE

       At a session of said Court, held in
     the U.S. Courthouse, Detroit, Michigan
     on        October 14, 2009      

     PRESENT:  Honorable Gerald E. Rosen
                          Chief Judge, United States District Court

## I. INTRODUCTION

     Petitioner Leon Walters was charged, along with four co-defendants, in a five-count bank robbery/witness tampering Third Superseding Indictment. Walters was charged with one count of bank robbery for the July 16, 2003 robbery of a TCF Bank in Ann Arbor, Michigan. On the day of the robbery, Walters and co-defendants Gregory Johnson, Christine Mayhue and Phillip Calloway drove to the home of Amber McGowan, where Christine Mayhue also was living. There, Gregory Johnson, who masterminded the robbery (and an earlier bank robbery which was the basis for a separate count in the

indictment),[1] planned the robbery and instructed the others in their respective roles. According to the plan, Mayhue, Calloway and Walters rode to the bank in Walters' blue Lincoln and Johnson drove separately in McGowan's white Taurus so that he could watch the bank from a different point and intercept the police. At the bank, Walters put on a cap with fake braids and Calloway put on a cap and sunglasses. Wearing these disguises, Walters and Calloway entered the bank, announced the robbery, jumped the teller counter, grabbed money from the cash drawers, and left 25 seconds later. Walters and Calloway then returned to the getaway car (the blue Lincoln), jumped into the trunk, and Christine Mayhue drove away.

Later that evening, police observed Phillip Calloway with a large quantity of United States currency. Subsequent investigation by the Federal Bureau of Investigation led to the filing of a criminal complaint against Gregory Johnson, and an indictment of Johnson and Calloway on charges of bank robbery. In a series of superseding indictments, Walters, Mayhue and William Askew were added as defendants and also charged with bank robbery.[2]

Johnson and Walters pled not guilty and went to trial. Calloway, Mayhue and Askew all pled guilty and testified at that trial. After a six-day jury trial held on February

---

[1] Walters was not charged with participation in this earlier robbery.

[2] Askew was charged only with the earlier June 13, 2003 robbery of a National City Bank in Monroe, Michigan. Mayhue and Johnson were charged with both robberies. In the final superseding indictment, Johnson was also charged with witness tampering.

22 through March 2, 2005, Johnson was convicted on all five counts and was subsequently sentenced to 240 months' imprisonment on the bank robbery charges and a consecutive 22-month term of imprisonment on the witness tampering charges. Walters was convicted on the one count of bank robbery with which he had been charged and was sentenced to 210 months' imprisonment.

Walters appealed his conviction to the Sixth Circuit Court of Appeals. The appellate court affirmed Walters' conviction on July 2, 2007. Walters subsequently filed a petition for a writ of *certiorari* with the United States Supreme Court. That petition was denied on May 12, 2008. Walters thereafter timely filed the instant Motion to Vacate, Set Aside, or Correct Judgment on March 31, 2009. In this Motion, Walters raises claims of ineffective assistance of trial and appellate counsel as grounds for vacating his conviction and sentence.

### III.  DISCUSSION

A.   PETITIONER HAS NOT DEMONSTRATED THAT HE WAS
     AFFORDED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

To show that he was denied the effective assistance of counsel under federal constitutional standards, Petitioner Walters must satisfy a two-pronged test. This two-pronged test was set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). First, Petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at

687.  Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id*.  However, "[t]here is no reason for a court deciding an ineffective assistance claim. . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.  If "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice. . . that course should be followed." *Id.*

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id*. at 690.  A reviewing court's scrutiny of defense counsel's performance is highly deferential, and defense counsel is presumed to have rendered adequate assistance by exercising reasonable professional judgment and sound trial strategy.  *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998); *Austin v. Bell*, 126 F.3d 843, 848 (6th Cir. 1997), *cert. denied*, 523 U.S. 1088 (1998).  The petitioner must overcome the presumption that, under the circumstances, the challenged actions might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir.1999). "Strategic choices made after investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690.  As  a consequence, "[a] strategic decision cannot be the basis for a claim of ineffective assistance unless counsel's decision is shown to be so ill-chosen that it permeates the entire trial with obvious unfairness." *Hughes v. United States*, 258 F.3d 453, 457 (6th Cir. 2001).  With respect to

the prejudice prong, the reviewing court must determine, based on the totality of the evidence before the factfinder, "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Strickland*, 466 U.S. at 695.

The Sixth Circuit has emphasized, however, that a criminal defendant "is not entitled to the most canny lawyer available, only an adequate one." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). But simply alleging that an attorney was inadequate is not enough to warrant relief. "[T]he threshold issue is not whether [Petitioner's] attorney was inadequate; rather it is whether he was so *manifestly* ineffective that defeat was snatched from the hands of probably victory." *Id.* at 229 (emphasis in original). In other words, "[c]ounsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won." *Id.* Petitioner Walters has failed to make this showing.

Walters first faults his trial attorney for failing to object to the use at sentencing of his 1997 conviction for attempted possession with intent to distribute less than 50 grams of cocaine and his 2002 conviction for fleeing police. The use of these prior convictions resulted in Walters being sentenced as a "career offender" pursuant to U.S.S.G. § 4B1.1. Under the Guidelines, Walters' resulting offense level was 32 (instead of the level 23 it would have been without the career offender enhancement). With his criminal history category of VI, Walters' guideline sentencing range was 210 to 262 months. The Court

imposed a sentence at the bottom of this range -- 210 months. Walters contends that his trial counsel was ineffective in failing to argue that neither of his two prior convictions were "predicate offenses" under U.S.S.G. § 4B1.1. He further argues that his attorney was ineffective in failing to object to the enhancement of his sentence under § 4B1.1 because the Government never filed any motion or information as required under 21 U.S.C. § 851 to provide him with notice of the Government's intention to rely upon his prior convictions for purposes of enhancing his sentence. Walters also argues that his appellate counsel was ineffective for failing to raise these issues in his direct appeal.

1. <u>WALTERS' PRIOR CONVICTIONS WERE PREDICATE OFFENSES UNDER U.S.S.G. § 4B1.1.</u>

U.S.S.G. § 4B1.1 provides, in relevant part:

(a)  A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

The terms "crime of violence" and "controlled substance offense" and "two prior felony convictions" are defined in U.S.S.G. § 4B1.2. This section provides as follows:

(a)  The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that --

   (1)  has an element the use, attempted use, or threatened use of physical force against the person of another, or

   (2)  is burglary of a dwelling, arson, or extortion, involves

>   use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*
>
> (b)   The term "controlled substance offense" means an offense under federal or state law, *punishable by imprisonment for a term exceeding one year*, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute or dispense.
>
> (c)   The term "two prior felony convictions" means (1) the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense (*i.e.*, two felony convictions of a crime of violence, two felony convictions of a controlled substance offense, or one felony conviction of a crime of violence and one felony conviction of a controlled substance offense), and (2) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of § 4A1.1(a), (b) or (c). The date that a defendant sustained a conviction shall be the date that the guilt of the defendant has been established, whether by guilty plea, trial or plea of *nolo contendere*.

U.S.S.G. § 4B1.2 (emphasis added).

The Application Notes to § 4B.1.2 further clarify that

> "Prior felony conviction" means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, *regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed.*

U.S.S.G. § 4B1.2, App. Note 1 (emphasis added).

As indicated, Walters was convicted in Detroit Recorders Court of attempted possession with intent to distribute less than 50 grams of cocaine in 1997. According to the Pre-Sentence Investigation Report, this conviction stems from Walters' apprehension

7

by police in October 1997 having in his possession a pill bottle containing 68 crack cocaine rocks. He was taken into custody and charged with possession with intent to distribute cocaine. He pled guilty to the reduced charge of attempted possession with intent to distribute less than 50 grams of cocaine and was sentenced to two years probation.[3] At the time of this conviction, Walters was 21 years old.

Under Michigan law, possession with intent to distribute less than 50 grams of cocaine is a felony punishable by a term of imprisonment of up to four years, or a fine of not more than $25,000.00, or both. M.C.L. § 333.7403(2)(iv). For an attempt to commit an offense prohibited by law, Michigan law provides a graduated scale of penalties commensurate with the particular penalty for the offense attempted. *See* M.C.L. § 750.92. This section provides, in relevant part, as follows:

> If the offense so attempted to be committed is punishable by imprisonment in the state prison for a term of less than 5 years, or imprisonment in the county jail or by fine, the offender convicted of such attempt shall be guilty of a misdemeanor, *punishable by imprisonment in the state prison or reformatory not more than 2 years* or in any county jail not more than 1 year or by a fine not to exceed 1,000 dollars; but in no case shall the imprisonment exceed ½ of the greatest punishment which might have been inflicted if the offense so attempted had been committed.

M.C.L. § 750.92(3) (emphasis added).

Pursuant to the foregoing statutes, Petitioner Walter's 1997 Michigan conviction for attempted possession with intent to distribute cocaine was punishable by a term of

---

[3] Walters subsequently violated his probation and was sentenced to serve two to five years in the Michigan Department of Corrections.

imprisonment of up to two years. Therefore, as Application Note 1 to U.S.S.G. § 4B1.2 makes clear, notwithstanding the statute's designation of the offense as a "misdemeanor" and notwithstanding the sentence of probation actually imposed upon Walters, Walters' 1997 conviction was for a felony controlled substance offense and, accordingly, was properly treated as a predicate offense for career offender treatment under U.S.S.G. § 4B1.1 because it was punishable by a term of imprisonment exceeding one year.

Walters was also convicted of third-degree fleeing a police officer in July 2002. He was 26 years old at the time of this conviction. According to the P.S.I., this offense occurred when Inkster police attempted to conduct a routine traffic stop on a Lincoln Town car driven by Petitioner Walters. Walters refused to pull over when the officers signaled him to stop and instead traveled at a high rate of speed through a residential neighborhood. Walters eventually stopped the car and exited carrying in his hands a black blunt object he pulled from his pocket. The police officer drew his gun and ordered Walters to show his hands, at which point, Walters and another individual began assaulting the police officer. Walters was eventually subdued when other officers arrived and he was charged with Fleeing, 3rd Degree, and Assaulting a Police Officer. He ultimately pled guilty to fleeing police, 3rd degree, and was sentenced to serve 12 months in jail.

Michigan law provides:

(1)  A driver of a motor vehicle who is given by hand, voice, emergency light, or siren a visual or audible signal by a police or conservation

>   officer, acting in the lawful performance of his or her duty, directing the driver to bring his or her motor vehicle to a stop shall not willfully fail to obey that direction by increasing the speed of the vehicle, extinguishing the lights of the vehicle, or otherwise attempting to flee or elude the police or conservation officer. . . .
>
>   * * *
>
>   (3)   . . . [A]n individual who violates subsection (1) is guilty of third-degree fleeing and eluding, *a felony punishable by imprisonment for not more than 5 years* or a fine of not more than $5,000.00, or both, if 1 of the following circumstances apply:
>
>   (a)   The violation results in a collision or accident.
>
>   (b)   *A portion of the violation occurred in an area where the speed limit is 35 miles an hour or less, whether that speed limit is posted or imposed as a matter of law.*
>
>   (c)   The individual has a prior conviction for fourth-degree fleeing and eluding, attempted fourth-degree fleeing and eluding, or fleeing and eluding under a current or former law of this state prohibiting substantially similar conduct.

M.C.L. § 750.479a (emphasis added).

Notwithstanding the 12-month sentence imposed upon Walters, Fleeing, 3rd Degree carries a sentence of up to five years imprisonment. Therefore, as set forth in Application Note 1 to U.S.S. G. § 4B1.2, Walters' conviction for this offense is a "prior felony conviction." U.S.S.G. § 4B1.2(a), further makes clear that this was a "crime of violence" for purposes of the career offender enhancement because it "involve[d] conduct that present[ed] a serious potential risk of physical injury to another."

Based upon the foregoing, it is clear that Walters' attorneys were not ineffective in

10

failing to object to at sentencing, or raise on appeal as error, the determination that Walters' state court convictions for attempted distribution of 50 grams of cocaine and fleeing police, 3rd degree, constituted "predicate offenses" under U.S.S.G. § 4B1.1.

2.  COMPLIANCE WITH THE REQUIREMENTS OF 21 U.S.C. § 851 IS NOT REQUIRED FOR CAREER OFFENDER ENHANCEMENTS UNDER THE SENTENCING GUIDELINES

Petitioner also contends that his attorneys were ineffective because they failed to raise the issue that the Government never filed a motion or information pursuant to 21 U.S.C. § 851 before trial.

21 U.S.C. § 851(a) provides, in relevant part:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court and serves a copy of such information on the person (or counsel for the person) stating in writing the previous convictions to be relied upon. . . .

21 U.S.C. § 851(a)(1).

It is true that no such information was filed, but "the requirements of § 851(a)(1) apply only to statutory sentence enhancement, not sentence enhancement under § 4B1.1 of the Sentencing Guidelines." *United States v. Mans*, 999 F.2d 966, 969 (6th Cir.), *cert. denied*, 510 U.S. 999 (1993); *see also United States v. Meyers*, 952 F.2d 914, 919 (6th Cir.), *cert. denied*, 503 U.S. 994 (1992). Section 851 is part of the Offenses and Penalties portion of the Control and Enforcement provisions of the Controlled Substances Act. *Meyers* at 918. Under 21 U.S.C. § 841(b)(1), sentences for drug-related convictions may

11

be enhanced for prior drug related convictions. *Id.* The information/notice provisions of § 851(a)(1) apply to sentence enhancements that occur under § 841(b)(1). *Id.* There is no requirement that an information be filed in order to apply the career offender provisions in the Sentencing Guidelines. *Id.*

The Sixth Circuit's ruling is consistent with the rulings of all of the other circuits that have addressed this issue. *See United States v. Sanchez*, 917 F.2d 607, 616 (1st Cir.1990), *cert. denied*, 499 U.S. 977 (1991); *United States v. Whitaker*, 938 F.2d 1551, 1552 (2d Cir.1991), *cert. denied*, 502 U.S. 1076 (1992); *United States v. Day*, 969 F.2d 39, 48 (3d Cir.1992); *United States v. Marshall*, 910 F.2d 1241, 1245 (5th Cir.1990), *cert. denied*, 498 U.S. 1092 (1991); *United States v. Koller*, 956 F.2d 1408, 1417 (7th Cir.1992); *United States v. Wallace*, 895 F.2d 487, 490 (8th Cir.1990); *United States v. McDougherty*, 920 F.2d 569, 574 (9th Cir.1990), *cert. denied*, 499 U.S. 911 (1991); *United States v. Novey*, 922 F.2d 624, 627-29 (10th Cir.), *cert. denied*, 501 U.S. 1234 (1991); *Young v. United States*, 936 F.2d 533, 535-36 (11th Cir.1991). Because Petitioner's sentence was enhanced under the Guidelines, no information was required.

Therefore, it is clear that Walters' attorneys did not err in failing to object to at sentencing, or raise on appeal, the issues Walters raises here with respect to his sentencing enhancement as a career offender under U.S.S.G. § 4B1.1. Further, even assuming Walters' attorneys should have objected to the enhancement at sentencing or raised these issues on direct appeal, because applicable law establishes that Petitioner was sentenced

properly, there is a lack of sufficient prejudice to prove there is a reasonable probability that, but for the attorneys' alleged errors, Walter's sentence would have been different. Therefore, Walter's ineffective assistance of counsel arguments fail.

## CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Petitioner Leon Walter's § 2255 Motion to Vacate, Set Aside or Correct his Sentence be, and hereby is, DENIED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  October 14, 2009

## CERTIFICATE OF SERVICE

I hereby certify that on     October 14, 2009     , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                    Elizabeth A. Stafford                    , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:
   Leon Walters, #31916-039, FCI Allenwood Low, Federal Correctional Institution, P.O. Box 1000, White Deer, PA 17887                 .

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(313) 234-5137