UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEON WALTERS,

                Petitioner,                Crim. No. 03-cr-80758-3

vs.                                            Civ.  No. 09-cv-11214-DT
                                                Sixth Cir. No. 09-2393
UNITED STATES OF AMERICA,
                                                Hon. Gerald E. Rosen
                Respondent.
_____/

OPINION AND ORDER DENYING
A CERTIFICATE OF APPEALABILITY

        At a session of said Court, held in
        the U.S. Courthouse, Detroit, Michigan
        on          May 13, 2010

        PRESENT:  Honorable Gerald E. Rosen
                                Chief Judge, United States District Court

On October 14, 2009, the Court issued an Opinion and Order denying Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Petitioner has appealed this Court's ruling to the Sixth Circuit Court of Appeals. On March 3, 2009, the matter was remanded to this Court for the sole purpose of determining whether to grant or deny a certificate of appealability, pursuant to Fed. R. App. P. 22(b). For the reasons stated below, the Court will deny the issuance of a certificate of appealability.

I.  BACKGROUND

Petitioner Walters was convicted by a jury on one count of bank robbery for the July 16, 2003 robbery of a TCF Bank in Ann Arbor, Michigan. On the day of the robbery,

Walters and co-defendants Gregory Johnson, Christine Mayhue and Phillip Calloway drove to the home of Amber McGowan, where Christine Mayhue also was living. There, Gregory Johnson, who masterminded the robbery, instructed the others in their respective roles. According to the plan, Mayhue, Calloway and Walters rode to the bank in Walters' blue Lincoln and Johnson drove separately in McGowan's white Taurus so that he could watch the bank from a different point and intercept the police. At the bank, Walters put on a cap with fake braids and Calloway put on a cap and sunglasses. Wearing these disguises, Walters and Calloway entered the bank, announced the robbery, jumped the teller counter, grabbed money from the cash drawers, and left 25 seconds later. Walters and Calloway then returned to the getaway car (the blue Lincoln), jumped into the trunk, and Christine Mayhue drove away them away. An investigation into the robbery ensued which resulted in the arrest and indictment of Walters, Calloway, Johnson and Mayhue.

Johnson and Walters pled not guilty and went to trial. Calloway and Mayhue pled guilty and testified at that trial. After a six-day jury trial, Johnson was convicted on five counts of bank robbery[1] and witness tampering and was subsequently sentenced to 240 months' imprisonment on the bank robbery charges and a consecutive 22-month term of imprisonment on the witness tampering charges. Walters was convicted on the one count of bank robbery with which he had been charged and was sentenced to 210 months' imprisonment. Walters' appeal of his sentence was affirmed by the Court of Appeals.

---

[1] Johnson was also charged with an earlier bank robbery which was the basis for a separate count in the indictment.

Following his appeal, Walters filed a § 2255 motion to vacate his sentence, which was denied on October 14, 2009. Walters now seeks to appeal the denial his § 2255 motion.

## II. STANDARD

"If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue." Fed. R. App. P. 22(b)(1); *See Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002) (holding that "a district judge must issue or deny a COA if an applicant files a notice of appeal" without awaiting the filing of an application for a certificate of appealability).

A prisoner seeking post-conviction relief under § 2255 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, the petitioner must first seek and obtain a certificate of appealability. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner 'has already failed in that endeavor.'" *Miller-El*, 537 U.S. at 337 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the

district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [the] petitioner will not prevail." *Miller-El*, 537 U.S. at 338.

In applying the standard, a district court may not conduct a full merit review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Miller-El*, 537 U.S. at 336-37. When a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. at 484.

### III.  DISCUSSION

In his motion, Petitioner claimed ineffective assistance of trial and appellate counsel as grounds for vacating his conviction and sentence. Walters faults his trial attorney for failing to object to the use at sentencing of his 1997 conviction for attempted possession with intent to distribute less than 50 grams of cocaine and his 2002 conviction for fleeing the police. The use of these prior convictions resulted in Walters being subjected to a "career offender" enhancement pursuant to U.S.S.G. § 4B1.1. He also argues that his appellate counsel was ineffective for failing to raise this issue on appeal.

To show that he was denied the effective assistance of counsel under federal constitutional standards, Petitioner Walters was required to satisfy the two-pronged test set

4

forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). First, Petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id*. However, "[t]here is no reason for a court deciding an ineffective assistance claim. . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. If "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice. . . that course should be followed." *Id.*

Petitioner's prior convictions for attempted distribution of cocaine and fleeing the police were "controlled substance" and "crime of violence" convictions as defined by U.S.S.G. § 4B1.2. Therefore, they were properly used as "predicate offenses" to sentence Petitioner as "career offender" under Section 4B1.1 of the Sentencing Guidelines. It is clear, therefore, that Walters' attorneys were not ineffective in failing to object to at sentencing, or raise on appeal the use of these prior state court convictions in sentencing Petitioner as a "career offender."

Petitioner also complained that his counsel was ineffective for failing to raise the issue of the Government's failure to file a motion or information pursuant to 21 U.S.C. § 851(a)(1) before trial to provide him with notice of its intention to rely upon his prior

5

convictions for purposes of enhancing his sentence. The requirements of Section 851(a)(1), however, only apply to statutory sentence enhancements, *not* sentence enhancements under § 4B1.1 of the Sentencing Guidelines. *United States v. Mans*, 999 F.2d 966, 969 (6th Cir.), *cert. denied*, 510 U.S. (1993); *United States v. Meyers*, 952 F.3d 914, 919 (6th Cir.), *cert. denied*, 503 U.S. 994 (1992). The Sixth Circuit's ruling is consistent with the rulings of all of the other circuits that have addressed this issue. *See United States v. Sanchez*, 917 F.2d 607, 616 (1st Cir.1990), *cert. denied*, 499 U.S. 977 (1991); *United States v. Whitaker*, 938 F.2d 1551, 1552 (2d Cir.1991), *cert. denied*, 502 U.S. 1076 (1992); *United States v. Day*, 969 F.2d 39, 48 (3d Cir.1992); *United States v. Marshall*, 910 F.2d 1241, 1245 (5th Cir.1990), *cert. denied*, 498 U.S. 1092 (1991); *United States v. Koller*, 956 F.2d 1408, 1417 (7th Cir.1992); *United States v. Wallace*, 895 F.2d 487, 490 (8th Cir.1990); *United States v. McDougherty*, 920 F.2d 569, 574 (9th Cir.1990), *cert. denied*, 499 U.S. 911 (1991); *United States v. Novey*, 922 F.2d 624, 627-29 (10th Cir.), *cert. denied*, 501 U.S. 1234 (1991); *Young v. United States*, 936 F.2d 533, 535-36 (11th Cir.1991). Because Petitioner's sentence was enhanced under the Guidelines, no information was required, and Petitioner's counsel was, therefore, not ineffective for failing to raise the lack of a motion or information before the trial court or on appeal.

    Based upon the foregoing, the Court concludes that reasonable jurists would agree that the Court's assessment of Petitioner's claims of ineffective assistance of counsel was not incorrect or debatable. Therefore, granting a certificate of appealability would be

improper.

## IV. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED that a certificate of appealability is **DENIED**. The Court also **DENIES** Petitioner leave to proceed *in forma pauperis* on appeal because such an appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

                                     s/Gerald E. Rosen
                                     Chief Judge, United States District Court

Dated: May 13, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 13, 2010, by electronic mail and upon Leon Walters, #31916-039, FCI Allenwood Low, Federal Correctional Institution, P.O. Box 1500, White Deer, PA 17887 by ordinary mail.

                                     s/Ruth A. Gunther
                                     Case Manager