UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Leon Walters,

    Petitioner,

v.                                            Criminal Case No. 03-80758
                                               Civil Case No. 09-11214

United States of America,

                                               Sean F. Cox
    Respondent.                      United States District Court Judge

_____/

## OPINION AND ORDER DENYING PETITIONER'S § 2255 MOTION TO VACATE SENTENCE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY

Petitioner has filed a Motion to Vacate Sentence under 28 U.S.C. § 2255. Because "the motion and the files and records of the case conclusively show" that he is not entitled to relief, the Court will decide this motion without an evidentiary hearing. § 2255(b). For the reasons below, the Court shall deny Petitioner's motion because the Sentencing Guidelines are not subject to constitutional vagueness challenges. The Court also declines to issue a certificate of appealability.

### BACKGROUND

In 2005, a jury convicted Petitioner Leon Walters of bank robbery. At sentencing, the Court determined that Petitioner was a career offender under U.S.S.G. § 4B1.1 based on his prior convictions for possession with intent to distribute less than 50 grams of cocaine and for third-degree fleeing a police officer. The Court sentenced him to 210 months in prison (Doc. # 138).

In 2009, the Court denied Petitioner's first Motion to Vacate Sentence (Doc. # 193). Seven years later, the Sixth Circuit granted Petitioner's motion for a second or successive petition under § 2255 (Doc. # 221). That same day, he filed a successive § 2255 motion based on

the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), arguing that he was no longer a career offender because his prior conviction for fleeing a police officer no longer qualified as a "crime of violence" (Doc. # 260).

## ANALYSIS

A prisoner may move the Court to vacate a sentence under § 2255(a) if "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" To prevail, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 958 (6th Cir. 2005). A movant alleging non-constitutional error must establish a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

Petitioner argues that his prior conviction for fleeing a police officer does not qualify as a crime of violence under the residual clause in the career-offender provision of the Sentencing Guidelines, U.S.S.G. § 4B1.2(a), because that clause is unconstitutionally vague. But this argument was squarely rejected by the Supreme Court in *Beckles v. United States*, 137 S. Ct 886, 890 (2017) (holding that "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause[.]"). Thus, *Beckles* forecloses Petitioner's challenge to his sentence and his Motion to Vacate Sentence must be denied.

2

## CERTIFICATE OF APPEALABILITY

A certificate of appealability must issue before a petitioner may appeal the denial of a § 2255 motion. § 2253(c)(1)(B). A certificate of appealability may issue only if the petitioner makes a substantial showing of a denial of a constitutional right. § 2253(c)(2). When the Court has rejected the claim on the merits, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that Petitioner has not made this showing here and declines to issue a certificate of appealability.

## CONCLUSION AND ORDER

For the reasons above, the Court ORDERS that Petitioner's Motion to Vacate Sentence is DENIED. The Court also declines to issue a certificate of appealability. Finally, the Court certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

Dated: August 8, 2018

s/Sean F. Cox
Sean F. Cox
U. S. District Judge

I hereby certify that on August 8, 2018, the foregoing document was served on counsel of record via electronic means and upon Leon Walters via First Class mail at the address below:

Leon Walters 31916039
MCKEAN FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 8000
BRADFORD, PA 16701

s/J. McCoy
Case Manager